UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA USA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT M. BONESO et al., <br><br> Defendants. | Case No. 2:24-cv-01307-SB-AJR <br><br><br> ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION |

    Plaintiff The Guarantee Company of North America USA filed the complaint in this indemnity action on February 16, 2024.  Dkt. No. 1.  Plaintiff alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332.

    Federal courts have subject-matter jurisdiction only over matters authorized by the U.S. Constitution and Congress.  *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings.  *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

    A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff states in the complaint that it is a citizen of Michigan because it is incorporated and has its principal place of business there. Plaintiff alleges that each of the individual Defendants (Robert M. Boneso, Regina Boneso, Steven Boneso, and Mary Ann Boneso) are residents of California. But residence is not citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is then determined by her state of domicile, not her state of residence.").

Plaintiff must show that diversity is complete as to all Defendants by disclosing the citizenship of each of the named Defendants. Accordingly, Plaintiff is ORDERED to show cause, in writing, by no later than March 6, 2024, why the Court has jurisdiction over this case by demonstrating complete diversity of citizenship between the parties. In its response, Plaintiff shall also state clearly whether the Robert and Regina Boneso 2002 Trust and the Steven Boneso Family Trust are Defendants in this action, and, if so, state the citizenship of each trustee.[1] *Failure to timely comply will result in dismissal for lack of subject-matter jurisdiction.*

Date: February 23, 2024

                                                Stanley Blumenfeld, Jr.
                                                United States District Judge

---

[1] Plaintiff appears to identify the Robert and Regina Boneso 2002 Trust and the Steven Boneso Family Trust as California citizens because they were organized under the laws of California. Dkt. No. 1. The citizenship of a trust is generally determined by the citizenship of the trustee. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees.").